FILED
MAR 13 2009
J.T. NOBLIN, CLERK
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ANTHONY AND SONJA ALEXIS et al.**                                          **PLAINTIFFS**

**VERSUS**                                    CIVIL ACTION NO. 1:09cv207 HSO-JMR

**MISSISSIPPI WINDSTORM
UNDERWRITING ASSOCIATION,
AUDUBON INSURANCE COMPANY, INC.
and JOHN DOES 1-10**                                                          **DEFENDANTS**

### NOTICE OF REMOVAL OF CIVIL ACTION

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, Audubon Insurance Company, Inc., ("Audubon") hereby removes the state court action styled as *Anthony & Sonja Alexis et al. v. Mississippi Windstorm Underwriting Assc., Audubon Insurance Co., Inc. and John Does 1-10*, Cause No. 08-0360, from the Circuit Court of Hancock County, Mississippi to the United States District Court for the Southern District of Mississippi, Southern Division. As grounds, Audubon states the following:

### Preliminary Statement

1. This lawsuit is a breach of insurance contract and bad faith action arising from Hurricane Katrina. On or about August 5, 2008, sixty-four individual insurance policy holders filed this civil action against their insurer, the Mississippi Windstorm Underwriting Association ("MWUA"), and the MWUA's claims administrator, Audubon, in the Circuit Court of Hancock County, Mississippi. *See* Complaint, Ex. A.[1]

2. Upon information and belief, the MWUA and all Plaintiffs have reached a settlement of the Plaintiffs' claims against the MWUA. As a part of their settlements with the

---

[1] Also attached as Exhibit "B" is the Plaintiffs' Amended Complaint filed on August 20, 2008. The Answer to the Amended Complaint filed by Audubon is attached as Exhibit "C".

JM MPP 673461 v3
0-0 3/12/2009

MWUA, the Plaintiffs agreed to dismiss their claims against the MWUA in this cause. On February 11, 2009, an agreed Judgment of Dismissal was filed, dismissing only Plaintiffs Rudy and Margo Mirandona's claims against the MWUA. *See* Judgment of Dismissal, Ex. D. The voluntary dismissal of the MWUA by the Mirandonas on February 11, 2009, created complete diversity of citizenship as to the Mirandonas and the only remaining Defendant, Audubon. Because the Plaintiffs in this action are improperly joined and because the only non-diverse Defendant, the MWUA, was voluntarily dismissed by the Mirandanas, the Mirandonas' claims against Audubon are now removable, and the claims of all remaining Plaintiffs should be severed.

## Grounds for Removal

3.   Removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441 based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332. Diversity of citizenship exists between Plaintiffs Rudy and Margo Mirandona and Audubon, the only properly joined Plaintiffs and Defendant; and the amount in controversy exceeds the jurisdictional minimum.

4.   First, the Complaint alleges that the Mirandonas are adult resident citizens of the State of Mississippi. *See* Ex. A, ¶ 24. Audubon is a Louisiana corporation with its principal place of business in Baton Rouge, Louisiana. As explained more fully below, all other Plaintiffs are improperly joined in this action. Therefore, those Plaintiffs' citizenship should be disregarded for purposes of determining jurisdiction. Because the MWUA was dismissed with prejudice with regard to the Mirandona Plaintiffs, its citizenship should also be disregarded. Thus, as to the Mirandona Plaintiffs and Audubon, there is complete diversity.

5.   While the MWUA remains a Defendant as to the claims of the remaining Plaintiffs, removal of this matter is nonetheless proper because the sixty-four Plaintiffs were

initially misjoined when this action was filed.[2] *See Reed v. Am. Med. Security Group, Inc.*, 324 F. Supp. 2d 798, 803 (S.D. Miss. 2004) ("[M]isjoinder is a viable basis for removal in a proper case."). The misjoinder of the Plaintiffs' claims makes removal of the Mirandanos' claim and severance of the remaining Plaintiffs' claims proper. *Palmero v. LeTourneau Technologies, Inc.*, 542 F. Supp. 2d 499, 524 (S.D. Miss. 2008) ("Removal and severance will be allowed [] if claims were improperly joined under state law at the action's inception.").

6. There is no reasonable possibility that a state court would find that the Plaintiffs' claims against the Defendants were properly joined under Mississippi joinder law. *Palmero*, 542 F. Supp. 2d at 523-24. Rule 20 of the Mississippi Rules of Civil Procedure permits joinder of plaintiffs only if "(1) the claims arise from the same transactions and occurrences and (2) the claims share a common issue of law or fact." *Amchem Prods. v. Rogers*, 912 So. 2d 853, 857-858 (Miss. 2005) (citing *Janssen Pharmaceutica, Inc. v. Bailey*, 878 So. 2d 31, 46 (Miss. 2004)). In clarifying the requirements of Rule 20, the Mississippi Supreme Court noted that "[t]he phrase 'transaction or occurrence' requires that there be a *distinct litigable event* linking the parties.'" Miss. R. Civ. P. 20(a) cmt. (emphasis added). Without question, the misjoined Plaintiffs' legal claims were improperly joined with the Mirandonas' claims. The misjoined Plaintiffs' claims pertain to the adjustment of their insurance claims. Each of the individual Plaintiffs' insurance claims, however, were adjusted on a case-by-case basis. There simply is no *distinct litigable event* common to each Plaintiff which justifies the joinder of the sixty-four Plaintiffs in a single suit. Thus, all of the Plaintiffs failed to satisfy the requirements of Miss. R. Civ. P. 20.

7. Because the Plaintiffs are misjoined with the Mirandonas' claims pursuant to Miss. R. Civ. P. 20, their citizenship should be disregarded, and Audubon is entitled to remove

---

[2] In fact, a Motion to Sever was filed in the state court proceedings that, to date, has not been heard.

the Mirandonas' claims to federal court and have the remaining Plaintiffs' claims severed. *See Reed*, 324 F. Supp. 2d at 804 (denying remand where there was no reasonable possibility that joinder would be proper under Miss. R. Civ. P. 20 where plaintiffs claims did not arise out of a "common transaction or occurrence").

8. Further, the amount in controversy of the Mirandonas' claims exceeds the jurisdictional limit of $75,000, exclusive of interest and costs, because the Mirandonas' seek compensatory, consequential, extra-contractual and punitive damages for an unspecified amount. *See* Compl. at Ex. A, ¶ 215. *See also, Brasell v. Unumprpvident Corp.*, 2001 WL 1530342 (N.D. Miss. October 25, 2001) ("[F]ederal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages under Mississippi law is deemed to exceed the amount necessary for federal jurisdiction.").

9. Removal of this action is also timely under the provisions of 28 U.S.C. § 1446(b). On February 11, 2009, a Judgment of Dismissal in which Rudy and Margo Mirandonas voluntarily dismissed their claims against the MWUA was filed with the Hancock County Circuit Court. *See* Ex. D. Audubon's Notice of Removal, therefore, is timely filed pursuant to 28 U.S.C. §1446(b) because thirty days has not yet passed since Audubon received an "order or other paper" from which it ascertained that the case became removable. *See Polk v. Sentry Ins.* 129 F. Supp. 2d 975, 979 (S.D. Miss. 2000) (holding that thirty day time limit under § 1446(b) was triggered upon receipt of order dismissing non-diverse defendants from action because it was first "written notification evidencing an unequivocal abandonment of the plaintiff's claim against any remaining defendants whose citizenships would preclude diversity jurisdiction").

10. Pursuant to 28 U.S.C. §1446(d), Plaintiffs are being provided with written notice of removal and a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Hancock County, Mississippi.

11. Audubon requests a trial by jury.

This 13th day of March, 2009.

                                                Respectfully Submitted,

                                                AUDUBON INSURANCE CO., INC.

                                                By its attorneys,

                                                BAKER, DONELSON, BEARMAN,
                                                CALDWELL & BERKOWITZ, PC

                         BY: _____
                                    BRAD C. MOODY

Walker W. Jones, Esq. (MSB# 3303)
Jason Bush, Esq. (MSB # 100451)
Brad C. Moody, Esq. (MSB # 101628)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ
4268 I-55 North
Meadowbrook Office Park (39211)
Post Office Box 14167
Jackson, MS  39236
Telephone: (601) 351-2400
Facsimile: (601) 351-2424

## CERTIFICATE OF SERVICE

I hereby certify that I have this day forwarded via United States mail, postage prepaid, via facsimile and via electronic mail, a true and correct copy of the foregoing pleading to the following:

Gary Yarbrough, Jr.
Zach Butterworth
HESSE & BUTTERWORTH, PLLC
841 Highway 90
Post Office Box 3567
Bay St. Louis, MS 39521

Don Barrett
David McMullan
Katerine Riley
BARRETT LAW OFFICE, P.A.
404 Court Square North
Lexington, MS 39095

Richard R. Barrett
LAW OFFICES OF RICHARD R. BARRETT, PLLC
404 Court Square North
Lexington, MS 39095

This, the 13th day of March, 2009.

_____
BRAD C. MOODY

JM MPP 673461 v3
0-0 3/12/2009